CHANCERY.

Case 83.

## Sewell vs Savage *et al.*

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Attachment. Priority of lien.*

May 11.     JUDGE EWING delivered the Opinion of the Court.

Facts of the case.

BILLS were filed, bonds executed, and attachments sued out in four several cases, from the Louisville Chancery Court, on the same day, against Savage, who had left the state, and were all placed in the hands of the same officer, on the same day: but he indorsed on two of them, that they came to his hands at half past 6 o'clock, P. M.; on another, at 8 o'clock, P. M., and in the case of Sewell, at 10 o'clock, P. M. There not being funds sufficient to satisfy all the claims, the Chancellor decreed them to the three former, and allowed none to Sewell, and he has appealed to this Court.

*If several attachments be delivered to a sheriff, at different hours, on the same day, and all levied at the same time, they should be satisfied according to the order of their delivery to the sheriff.*

We think the Chancellor did right—"those who first come should be first served;" the most vigilant should be first attended to in the administration of justice. The attachments, in all the cases, were placed in the officer's hands *before* that of the appellant. It was proper for him, in the exercise of perfect impartiality between the litigants, which is his duty in all cases, to levy that first which first came to his hands. And it may be fairly implied from his return, in the case of Sewell, that he did observe this rule, for he says, "levied on the stock of goods in the possession of Jno. Savage, a list of which is returned to the clerk's office, as *having been taken by previous attachments, executed on Jno. Savage the same day.*"

The decision of this Court, in the unreported case of *Dyer* vs *Mears, &c.* and *Bashaw, &c.* does not, in the least, conflict with the rule here laid down.

Decree of the Chancellor affirmed.

*Pirtle* for appellant.